IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SHANE ALLEN McCOY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-114 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF
HABEAS CORPUS**

In this Petition for a Writ of Habeas Corpus by a Person in State Custody petitioner challenges two convictions out of Moore County, Texas (aggravated sexual assault and indecency with a child). He is serving sentences of 25 years and 10 years on those sentences, respectively. Petitioner challenges the effectiveness of trial counsel's assistance. For the reasons set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

The Texas Seventh Court of Appeals summarized the facts of petitioner's offenses as follows:

> Appellant was charged in connection with an incident that occurred while on a family fishing trip at Lake Meredith. The complaining witness was appellant's then 12-year-old step-daughter. The testimony presented by the State included April Lemming, the managing interviewer at The Bridge Children's Advocacy Center.

> Lemming testified about the complainant's statements about the sexual assault at the lake. Lemming further testified about an incident that complainant told her about that occurred at complainant's home when appellant put his hands on complainant's breasts while sitting on the couch with her. Through Becky O'Neal, the sexual assault nurse examiner, the State was able to show that an examination of complainant revealed that complainant's hymen was torn and had begun to heal. O'Neal further testified there was no way to tell when the hymen had been torn, other than by the testimony of complainant. Complainant's grandmother, Belen, testified about her suspicions regarding appellant and about a confrontation she had with him. According to Belen, appellant did not deny the incident, rather, appellent [sic] simply stated he could not remember because he was drunk.
>
> The complainant testified that, while she and appellant were casting a bait net along the shore of Lake Meredith, appellant grabbed her by the "boobs" and "butt." A short time after the touching incident, the complainant alleged that appellant pulled his shorts down and told her to lay on the ground. According to complainant's testimony, when the complainant refused, appellant, pulled complainant's shorts down, picked her up, and then laid her on the ground. Complainant testified that appellant then laid on top of her, penetrating her sexual organ with his sexual organ. Complainant testified appellant stayed on top of her for about five minutes and then she pushed him off. Complainant was subjected to rigorous cross-examination during which appellant's trial counsel attempted to show that the complainant had previously made allegations about a teacher improperly touching her and that the allegations were not true. In fact, complainant was forced to admit as much when confronted with conflicting stories she had given. At the conclusion of the complainant's testimony, the State rested its case-in-chief. Appellant rested without presenting any additional witnesses.

*McCoy v. State*, 07-07-0027-CR, 2008 WL 2116941 (Tex. App.—Amarillo May 20, 2008, pet. ref'd). On November 1, 2006, a jury found petitioner guilty of both charges. Before the punishment phase of the trial began, petitioner and the state reached an agreement on punishment. As a result of this agreement, petitioner waived the right to have a jury assess punishment, and was sentenced to an agreed 25-years on the aggravated sexual assault charge and 10-years on the indecency with a child charge, such sentences to run concurrently. Following conviction, petitioner filed a motion for new trial. After a hearing was held, the motion for new trial was denied.

Petitioner filed a direct appeal, and the Amarillo Court of Appeals affirmed the conviction on May 20, 2008. *Id.* Petitioner McCoy filed a petition for discretionary review but the petition

was refused on November 6, 2008.

Petitioner did not file any state application for a writ of habeas corpus challenging his convictions and sentences until December 22, 2010.[1] On March 16, 2011, the Texas Court of Criminal Appeals denied this application without written order. *In re McCoy*, App. No. 75,208-01. On May 23, 2011, petitioner filed this federal habeas petition challenging the two state court sentences.

## II.
## ALLEGATIONS

Petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1. He received ineffective assistance of counsel, which rendered his plea agreement on sentencing involuntary; and

2. Counsel was ineffective for failing to investigate punishment witnesses.

## III.
## TIMELINESS

Initially, respondent contends the petition is time barred. While it does appear the federal petition was not filed within one year of the date the conviction became final, petitioner claims he is entitled equitable tolling. Petitioner McCoy contends the Court of Criminal Appeals failed to inform him of the disposition of his petition for discretionary review in a timely manner and that his lawyer exacerbated the delay by misinforming petitioner that he should "be patient and he would be informed as things progressed." Petitioner claims this caused him to miss the deadline to submit a

---

[1] The state application contained an unsworn declaration dated October 29, 2010. Pursuant to *Richards v. Thaler*, 2013 WL 809246 (5th Cir. March 5, 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex.Crim.App. 2010)) the court, until provided evidence to the contrary by either party, will use the date indicated on the Inmate Declaration as the filed date.

petition complying with the federal habeas statute of limitations. It would appear an evidentiary hearing would be necessary to resolve the equitable tolling issue. Since, as is set out below, petitioner's substantive claims are without merit, the Court will not set such a hearing, and it is not necessary for the Court to address the timeliness of the petition, or any equitable tolling issues.

IV.
Merits

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated, on the merits, the same claims petitioner presents in this federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order. *Ex Parte McCoy*, WR 75,208-01; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Consequently, petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Both of Petitioner's claims raise the issue of ineffective assistance of counsel. The proper standard for judging ineffective assistance claims is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland*

standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.* That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S.__, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.__, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

A petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir. 1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court

need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* __ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id*.

Since McCoy's ineffective assistance of counsel claim was adjudicated on the merits in the state court proceedings, and the denial of relief in state court was based on a factual determination, that state court decision will not be overturned unless it was objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct, and a petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, and is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d at 472; *Singleton*, 178 F.3d at 384 (recognizing this Texas state writ jurisprudence).

*1. Ineffective Assistance of Counsel Causing an Involuntary Plea*

Petitioner contends counsel was ineffective for advising him to decline a 10-year plea bargain offered while the jury was deliberating at guilt/innocence. Petitioner claims counsel told him to decline the plea offer based on counsel's belief that, even if the jury found him guilty, they would assess a short sentence. In support of this contention, petitioner submitted an assortment of affidavits from himself and friends and family to the state habeas court. Trial counsel submitted an affidavit in which he denied advising petitioner to decline a pre-verdict, ten-year plea offer from the state. Neither party has identified, and this Court has not found through an independent search of the record, any testimony from or affidavit of the prosecutor who is alleged to have made the ten-year offer. While such testimony or affidavit would assist this Court in determining the merits of petitioner's claim, the lack of such is not fatal to respondent since petitioner's claim cannot succeed on the merits due to the lack of an affidavit from the prosecutor.

Instead, disposition of petitioner's claim depends on the evidence actually presented to the state courts and on their resolution of the factual dispute; i.e. on petitioner's side he has his and a number of similar affidavits and on the state's side is the affidavit of trial counsel. Where factual disputes are involved, this Court is bound to defer to the findings of the state court if such findings are not objectively unreasonable. By rejecting this claim at the state habeas level, the Texas Court of Criminal Appeals impliedly credited the affidavit of petitioner's trial counsel and rejected petitioner's affidavits. *See Ex Parte Torres*, 943 S.W.2d at 472. Crediting trial counsel's affidavit over the affidavits of petitioner's friends and family was not objectively unreasonable, especially given the absence of any other evidence. Petitioner is not entitled to federal habeas relief on this ground.

Even if the Court were to credit petitioner's affidavits, and assume petitioner's contention

that a ten-year plea bargain offer was made, trial counsel would not have necessarily been ineffective for advising petitioner to decline the plea bargain. This Court is required to presume attorney's are acting "within the wide range of reasonable professional assistance." *Burt*, 134 S.Ct. at 17. When petitioner's trial counsel made the decision to rest following the conclusion of the state's case-in-chief, co-counsel had just completed a vigorous cross examination of the sexual assault victim and had impeached the victim, who admitted making false sexual assault allegations in the past. Given that there was no confession or other eye-witnesses to the sexual assault, trial counsel would not have been unreasonable in thinking the impeachment of the state's key witness would resonate with jurors. In fact, since trial counsel made the strategic decision to rest without presenting any evidence after the cross-examination of the complaining witness, it is evident that counsel believed petitioner's chances of acquittal were good. Believing the jury would find his client innocent, counsel would not be ineffective for advising his client to reject a plea bargain. The fact that the petitioner received a longer sentence after choosing to try to obtain an acquittal does not constitute ineffective assistance of counsel. Petitioner has failed to show the state court was unreasonable in deciding petitioner's trial counsel provided effective assistance, and this ground should be denied.

### 2. Failure to Investigate Punishment-Phase Witnesses

Petitioner McCoy contends trial counsel was ineffective for failing to investigate punishment-phase witnesses. He seems to be alleging that, because trial counsel did not fully investigate punishment witnesses, trial counsel was not in a position to properly advise petitioner whether to accept or reject the 25-year post-guilty-verdict plea offer. This claim is without merit. In petitioner's own brief he states trial co-counsel interviewed punishment witnesses. Pet. Brief at 9. He complains, however, that the interviewing of these witnesses did not occur until after the

guilty verdict had been returned. Even if this were true, it would not entitle petitioner to relief. So long as the witnesses were interviewed before counsel made his recommendation to petitioner, there is no harm. In any case, counsel and co-counsel both testified at the motion for new trial, and trial counsel stated in his affidavit that they *had* extensively questioned witnesses for both the guilt/innocence and the punishment phase of the trial.

In the affidavits offered by petitioner, however, various friends and family claim they were not interviewed, and, if they had been, they could have offered useful character evidence. Even if this is true, trial counsel would not be ineffective for failing to interview every conceivable person; counsel only needs to conduct a *reasonable* investigation. Even then, a number of the witnesses attested that counsel was aware they were available and were willing to testify as character witnesses. Trial counsel could reasonably believe, without interviewing the witnesses, that the testimony of petitioner's friends and family would be supportive. Counsel was entitled to make the strategic decision to focus his time and effort on the trial and on matters of more consequence. Because none of the witnesses attested to having any sort of evidence that went beyond general good character, even if counsel erred by not interviewing them, such failure would not be prejudicial. Petitioner has failed to show the state court determination on this claim was unreasonable. This ground should be denied.

## V.
## CONCLUSION

Here, the issue of guilt was zealously contested and the complaining witness's testimony was impeached on cross examination. The jury, however, resolved the credibility of the victim issue adversely to petitioner and found him guilty. Petitioner, represented by new counsel, then challenged the effectiveness of his trial counsel at a motion for new trial. Petitioner's claims of

ineffectiveness were well presented at the hearing on the motion for new trial, but the state court declined to grant relief.  This Court is required, under the AEDPA to defer to the state court decision if the decision was reasonable.  Here, the state court reasonably determined that counsel was not ineffective and, therefore, petitioner McCoy is not entitled to federal relief.

## VI.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief.  It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner SHANE ALLEN McCOY be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation denying petitioners habeas corpus petition to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ____21st____ day of July 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).